COMMISSIONERS OF CURRITUCK CO. v. COMMISSIONERS OF DARE CO.

(Filed September 10, 1901.)

JUDGMENTS—*Motions—Actions—Practice—Procedure.*

From the facts in this case, a motion in the cause, and not a new action, was the proper procedure.

ACTION by the Commissioners of Currituck County against the Commissioners of Dare County, heard by Judge *O. H. Allen,* at May Term, 1901, of DARE County Superior Court. From a judgment for defendant, the plaintiff appealed.

*W. B. Shaw* and *W. M. Bond,* for the plaintiff.
*E. F. Aydlett,* for the defendant.

MONTGOMERY, J.   In an action commenced by the Commissioners of Currituck County against the Commissioners of Dare County, the object of which having been to have determined and collected whatever part of the debt of Currituck, the county of Dare was liable for, at the time of its formation as a county, a judgment (known as the Cannon judgment) was entered at the Spring Term, 1877, of DARE Superior Court, wherein it was decreed that Dare's part of such debt was 15 and 11-20 per cent.   At the time of the Cannon judgment, a part of the debt against Currituck was already in the form of judgments and there was other known indebtedness not yet reduced to judgments; and the Cannon judgment arranged that the plaintiffs should have the right to take judgment against the defendants for 15 and 11-20 per cent of any judgments that in the future might be obtained against the plaintiffs, upon a notice of ten days to the defendants.   The fourth section of the Cannon judgment was in the following words:

"It is considered that the plaintiffs shall account to the defendants for 15 and 11-20 per cent of all taxes levied and received, and hereafter levied and received upon the value of the franchise and property of the Albemarle and Chesapeake Canal, lying within Currituck County, and that the same shall be accounted for in the settlement of the judgments hereby rendered and authorized to be rendered.   This right to a proportion of said tax to cease after the final settlement of said outstanding debt for which plaintiffs and defendants are liable."

In the sixth section of the judgment it was ordered that the action be kept open on the docket for further orders.   In April, 1900, in the original action, the defendants, served a notice on the plaintiffs to the effect that at the next term

of DARE Superior Court, before his Honor Judge *Coble,* they would move for judgment against the plaintiffs, under the fourth section of the Cannon judgment.    The plaintiffs made no appearance, and his Honor, seeing that a long account was involved, referred the matter for a statement of that account.    Both parties appeared before the referee, and a report was made to the next term of the Court.    In the meantime the plaintiffs had a notice served on the defendants returnable to the Fall Term, 1900, of DARE Superior Court, to have the judgment of *Coble,* J., set aside for irregularity.

The contention of the plaintiffs is that a motion in the original cause was not the proper method of procedure, and that a new action was necessary, and that the same had to be commenced by summons.    The line of argument of defendant's counsel on this point was that a final judgment had been entered in the original action by his Honor Judge *Hoke,* at the Fall Term, 1892.    The last-mentioned judgment, however, is not a final judgment.    It was rendered upon a notice in the original action, and, as provided for in the original action, for judgment for the amounts which had been collected by the plaintiffs in the shape of revenues from the Albemarle and Chesapeake Canal.    The record shows that such a procceding had been resorted to on two or three occasions.    It is true that in the Hoke judgment the costs of the *action* were taxed against the plaintiffs, but certainly the word "action" was inadvertently used for *motion,* for the costs in the original action were, in the Cannon judgment, taxed against the defendants.    And it is also true that it was recited in the Hoke judgment that the matter which was referred was that of having stated by a referee "the whole account of matter of indebtedness between the two counties, growing out of the old indebtedness due by Currituck;" but that language, as will be plainly seen from the entire record, refers to that indebtedness against Currituck,

which had been discovered and reduced to judgment at the time of the Hoke judgment. In a former report made, the referee had made a partial statement of the judgments against Currituck, and which, not being satisfactory, the matter was re-referred to have a full statement of the judgments which had been procured against Currituck from the date of the Cannon judgment.

There is nothing in the Hoke judgment which, either in express terms or by fair inference, impairs or destroys the force of the Cannon judgment, and we therefore think that a motion in the cause was the proper method of procedure.

It is not necessary to discuss the other matters raised by the record and in the argument of plaintiff's counsel in this Court.

No error.